UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                         Case No. 22-20360

      v.                                Hon. George Caram Steeh

TERRELL BROWN,

      Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION
FOR REVOCATION OF DETENTION ORDER (ECF NO. 23)

      This matter is before the Court on defendant Terrell Brown's motion for revocation of detention order. Defendant seeks release, proposing home detention with a tether or some other reasonable scheme, due to lengthy pretrial delay. Additionally, defendant argues that the government has not established by a preponderance of the evidence that he poses a risk of flight or that he is a danger to the community. Defendant submits three letters in support of his position that he is not a danger, but is an asset to the community.

      In a hearing on July 5, 2022, the magistrate judge ordered that defendant be detained after finding by a preponderance of the evidence there were no conditions that could assure defendant's appearance in court

*and* finding by clear and convincing evidence that there were no conditions that could assure the safety of the community, as required under the Bail Reform Act, 18 U.S.C. § 3142 (ECF No. 13, PageID.24). Pursuant to § 3145, this Court reviews a magistrate judge's pretrial order *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1128-29 (S.D. Ohio Feb. 24, 2000) (collecting cases).

Defendant is charged with a drug crime subject to a penalty of 10 years or more of imprisonment, which carries a statutory presumption of detention, 18 U.S.C. § 3142(e)(3)(A). Defendant may rebut this presumption if he "comes forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Once a defendant satisfies his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. (internal citation omitted). In addition to the presumption of detention, the Court must consider the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence as it relates to dangerousness and risk of flight; (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any

person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant was charged in a federal complaint, and later indicted by the grand jury, with conspiracy to distribute a controlled substance. Throughout July of 2019, defendant sold what he purported to be heroin on at least six separate occasions. In each instance, defendant unwittingly sold "heroin" to an undercover officer. However, on all six of these occasions, laboratory reports confirmed the narcotics defendant was marketing as heroin were actually fentanyl. During defendant's arrest on September 2, 2019, officers recovered 26 bundles of fentanyl and 6 bundles of crack cocaine prepared for sale. In his post-arrest interview, Brown admitted he was selling 100 grams of heroin and crack cocaine a week for several years.

Defendant agreed to cooperate with officers and was released, but almost immediately he ceased all communication with investigators. As a result, on September 25, 2019, investigators searched the defendant's residence, where they located more fentanyl and crack cocaine. Defendant admitted, for the second time, his intent to distribute these drugs.

Defendant has an extensive criminal history. In 2006 he was convicted of carrying a concealed weapon and a controlled substance

offense. He was given probation, which he violated, and was sentenced to time in custody. In 2009, he was convicted of possession with intent to distribute controlled substances for which he was sentenced to a term of prison. In 2011, defendant was convicted of unlawfully driving away an automobile. He was sentenced to probation, which he promptly violated, and was sentenced to a term of prison. In 2014, defendant was convicted of possession of a controlled substance and was sentenced to a term of prison. In 2018, defendant was convicted of four counts of manufacture and delivery of a controlled substance (heroin). He again received probation, which is absconded from, to which a bench warrant was entered. The warrants for the 2018 offenses remain outstanding.

Most troubling is defendant's admitted involvement in a triple homicide that occurred in 2013. Evidence connected defendant to the crime and in his post-arrest interview in this case he admitted he was solicited to do the shooting, agreed to be the driver, and that he was paid for his role.

I.    **Nature and circumstances—18 U.S.C. § 3142(g)(1)**

The conduct in this case involves extensive drug trafficking of fentanyl, the most potent and lethal opioid. The charged offense carries significant penalties due to the duration of the conspiracy. The statutory

-4-

mandatory minimum sentence if convicted is 10 years, with a statutory maximum penalty of life in prison. The penalty reflects the serious nature of the crime charged. The nature and circumstances of the offense weighs heavily in favor of detention.

II. **Weight of the evidence—18 U.S.C. § 3142(g)(2)**

The weight of the evidence "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). By his own admission, defendant was compensated for aiding and abetting a murder-for-hire plot that resulted in the shooting deaths of three people. Furthermore, defendant is currently charged with being in the business of dealing fentanyl during an opioid epidemic. Here, the weight of the evidence of defendant's dangerousness also favors detention.

III. **History and characteristics—18 U.S.C. § 3142(g)(3)**

Defendant's criminal history spans his entire adult life. None of his sentences has deterred his continued drug trafficking activities. In addition, in her detention order, Magistrate Judge Altman specifically noted that defendant had no verifiable income "but reported to pretrial services that he makes $20,000 to $30,000 per month 'from the streets[.]'" (ECF No. 13, PageID.24).

**IV.     Danger to community or anyone - 18 U.S.C. § 3142(g)(4)**

Drug trafficking is a serious offense that poses a danger to the community. *Stone*, 608 F.3d at 947, n. 6. In addition to the serious drug trafficking charge involving opiates, there is corroborating evidence to defendant's own admission that he was involved in the mass shooting and murder of multiple people in this community.

The Court finds, by clear and convincing evidence, that defendant poses a danger to the community. Furthermore, he has a well-documented history of failing to comply with the conditions of probation, and when he was released after agreeing to cooperate with officers, he ceased communication almost immediately. The Court concludes there are no conditions or set of conditions of release that can adequately protect the community and the risk of nonappearance.

Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for bond is DENIED.

Dated:  October 11, 2022            s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE